## Rath v. Pennsylvania Liquor Control Board

*Edward F. Kane*, for appellant.

*Edward M. Hawes*, for Pennsylvania Liquor Control Board.

CORSON, J., April 30, 1934.—Plaintiff has appealed from the action of the Pennsylvania Liquor Control Board in refusing to grant plaintiff a license for the sale of liquors. The Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, vests in the Liquor Control Board power to grant licenses for the sale of intoxicating liquors, and provides that the board shall have the power to adopt rules and regulations not inconsistent with the act. The same act provides for the right of appeal to this court.

It would appear that the Liquor Control Board has adopted a regulation or rule that no license shall be granted to any person who has been convicted of violation of the liquor laws within 3 years prior to the date of application.

It is admitted that the appellant pleaded guilty and was sentenced for violation of the National Prohibition Enforcement Act within 3 years prior to the application made in this case. It is admitted that the applicant made a false statement in his application for license, in that he answered "No" to the question as to previous convictions of crime.

Before a license may be issued for a hotel property, it must appear that such hotel is a "reputable place, operated by responsible persons of good reputation": section 2 of the Liquor Control Act of 1933. The regulation of the Liquor Control Board that no person shall be considered to be of good reputation who has been convicted of crime within 3 years prior to the date of application would seem to be a reasonable regulation and within the power granted to the board under the Liquor Control Act, supra. See opinion of Judge Henry in Shindor's Appeal, 19 D. & C. 596. This reason alone would be sufficient to justify the refusal of the license.

Section 403 of the Liquor Control Act, supra, provides that the board shall act "upon being satisfied of the truth of the statements in the application". Apparently the board was not satisfied with the truth of the statements, and, from the testimony of the applicant heard upon this appeal, the board was justified in finding that one of the statements, at least, in the application was untrue. When the board was not satisfied of the truth of the statements made in the application, it should not, possibly could not, and, in the present case, did not, issue a license. We are satisfied that it was justified in such refusal, and that the following order must be entered:

And now, April 30, 1934, for the reasons given in the foregoing opinion, the appeal is dismissed.          From Aaron S. Swartz, Jr., Norristown, Pa.